
1  Bruce A. Griggs
2  Ogletree Deakins Nash Smoak
   & Stewart, P.C.
3  310 Congress Ave., Ste. 1250
   Austin, Texas 78701
4
5  Gregory Hendershott
   WSBA No. 27838
6  Davis Wright Tremaine LLP
   777 108th Avenue NE, Suite 2300
7  Bellevue, WA 98004
   (425) 646-6100
8  (425) 646-6199

9  Attorneys for Defendant
   ADT Security Services
10

11
                    UNITED STATES DISTRICT COURT
12                  EASTERN DISTRICT OF WASHINGTON

13  SHEENA SIMONS                 )
          Plaintiff,              )
14                                )
       vs.                        )  Case No. CV-07-241-FVS
15                                )
    ADT SECURITY SERVICES,        )
16        Defendant.              )

17    **<u>DEFENDANT ADT SECURITY SERVICES' MOTION FOR</u>**
                    **<u>SUMMARY JUDGMENT</u>**
18
    Pursuant to Fed. R. Civ. P. 56, Defendant ADT Security Services, Inc.
19
    files its motion for summary judgment on all claims asserted by Plaintiff
20
21  Sheena Simons.

22

23

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ 3

I. SUMMARY ............................................................................................... 5

II. STATEMENT OF MATERIAL FACTS ................................................. 6

III. SUMMARY JUDGMENT STANDARD ................................................. 6

IV. ADT IS ENTITLED TO SUMMARY JUDGMENT ON SIMONS' CLAIM UNDER THE FMLA ................................................................. 7

    A. Simons was not an "eligible employee" under the FMLA ................................................................................. 7

    B. Simons was discharged based on her poor performance, and cannot establish a causal connection between her discharge and her medical leave ......................................... 11

V. CONCLUSION ....................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc*
   477 U.S. 242 (1986) .................................................................................. 6

*Bachelder v. Am. West Airlines, Inc.,*
   259 F.3d 1112 (9th Cir. 2001) ............................................................... 8, 12

*Brinson v. Linda Rose Joint Venture,*
   53 F.3d 1044 (9th Cir. 1995) .................................................................... 6

*Brungart v. Bellsouth Telecommunications, Inc.,*
   231 F.3d 791 (11th Cir. 2000), cert denied, 532 U.S. 1037 (2001) ........ 9, 10

*Celotex Corp. v. Catrett,*
   477 U.S. 317 (1986) .................................................................................. 6

*Dormeyer v. Comerica Bank-Illinois,*
   223 F.3d 579 (7th Cir. 2000) .................................................................... 9

*Farina v. Compuware Corp.,*
   256 F. Supp. 2d 1033 (D. Ariz. 2003) ................................................ 10, 11

*Houston v. Regents of Univ. of Cal.,*
   2006 U.S. Dist. LEXIS 27644 (N.D. Cal. May 1, 2006) ........................ 12

*Ladendorff v. Intel Corp.,*
   2004 U.S. Dist. LEXIS 29776 (D. OR. March 19, 2004) ........................ 8

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
   475 U.S. 574 (1986) .................................................................................. 6

*Minard v. ITC Deltacom Communications,*
   447 F.3d 352 (5th Cir. 2006) .................................................................. 11

*Moore v. Sears, Roebuck & Co.,.*
  No. 3: 06-cv-255, 2007 U.S. Dist. LEXIS 47654 (N.D. Fla. 2007) .............. 8, 9

*Nolan v. Hypercom Mfg. Res.,*
  2001 U.S. Dist. LEXIS 14821 (D. Ariz. 2001) .............................................. 10

*Ragsdale v. Wolverine Worldwide, Inc.,*
  535 U.S. 81 (2002) ............................................................................................ 10

*Woodford v. Cmty. Action of Greene County, Inc.,*
  268 F.3d 51 (2d. Cir. 2001) ................................................................................ 9

*Zsenyuk v. City of Carson,*
  2004 U.S. App. LEXIS 10192 (9th Cir. May 21, 2004) ................................... 12

**Statutes and Regulations**

29 U.S.C. § 2611 ...................................................................................................... 7

29 U.S.C. § 2615 .................................................................................................... 12

29 C.F.R. § 825.110(d) ............................................................................................ 9

29 C.F.R. § 825.110(f) ............................................................................................ 7

29 C.F.R. § 825.111(c) ............................................................................................ 8

29 C.F.R. § 825.700(a) .......................................................................................... 10

## I. SUMMARY

Plaintiff Sheena Simons ("Simons") is a former ADT employee. Simons worked at ADT's facility in Spokane Valley, Washington from May 2005, until June 15, 2007. Then and now, ADT employs less than 50 employees within 75 miles of Simons' worksite.

In December, 2006, Simons requested leave to have surgery on her knee. Simons' leave request was approved, and she went on medical leave beginning February 22, 2007. Simons remained on approved paid or unpaid leave through April 23, 2007, when she was released to return to work by her physician. Upon her release, Simons was reinstated to the same job position with the same pay and benefits she had prior to taking leave.

Both before and after Simons requested medical leave, she was the recipient of numerous disciplinary warnings based on her poor work performance. When Simons' performance failed to improve in the approximate 2 month period following her return to work, Simons was discharged for poor performance on June 15, 2007. Simons subsequently filed this lawsuit, alleging claims for interference and/or retaliation under the Family and Medical Leave Act, 29 U.S.C. §§2601, et seq.

Simons' FMLA claims fail as a matter of law because (1) she was not eligible for FMLA leave, and therefore cannot assert a claim for interference

or retaliation under the statute, and (2) the record establishes that she was discharged based on her poor performance, and she cannot establish a causal connection between her medical leave and the discharge decision.

## II. STATEMENT OF MATERIAL FACTS

Defendant's Statement of Material Facts with citation to specific references is filed separately as required by Local Rule 56.1(a).

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). To defeat a summary judgment, Simons cannot rely on conclusory statements, speculation, or unsubstantiated assertions. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248-50 (1986); *see also, Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995). Simons must instead "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (quoting Fed. R. Civ. P. 56 (c)). If Simons fails to show that there is a genuine issue for trial, ADT "is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## IV. ADT IS ENTITLED TO SUMMARY JUDGMENT ON SIMONS' CLAIMS UNDER THE FMLA

### A.  Simons was not an "eligible employee" under the FMLA

Simons FMLA claim fails at inception because she was not an "eligible employee" under the Act. Section 2611 of the FMLA generally defines the term "eligible employee" to mean an employee who has been employed for at least 12 months by the employer with respect to whom leave is requested, and who has worked at least 1250 hours for the employer in the previous 12-month period. 29 U.S.C. §2611(2)(A)(i) & (ii). That definition, however, is subject to the exclusion set forth in Section 2611(2)(B)(ii), which provides in full:

> (B)    Exclusions.—The term "eligible employee" does not include---
> (ii)    any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50.

29 U.S.C. §2611(2)(B)(ii).

The Act's implementing regulations provide that whether 50 employees are employed within 75 miles is determined when the employee gives notice of the need for leave. 29 C.F.R. § 825.110(f). The number of

employees on the day the employee gives notice is determined by the number of employees maintained on the payroll on that day. 29 C.F.R. § 825.111(c).

For the duration of her employment with ADT, Simons worked at the Spokane Valley location. On December 13, 2006, the date that Simons notified ADT's benefits department of her request for Family and Medical Leave, ADT employed fewer than fifty employees within 75 miles of Simons' worksite. Indeed, ADT employed fewer than 50 employees within 75 miles of that location during all of December, 2006, and today still employs less than 50 employees within 75 miles of that worksite. (*See* Affidavit of Jennifer Underwood, ¶¶ 4, 5; Exhibit 1).[1] Simons therefore was not eligible for protection under the FMLA. Because Simons was not eligible for leave under the FMLA, ADT could not have *interfered* with the exercise of her protected rights. *See Ladendorff v. Intel Corp.*, 2004 U.S. Dist. LEXIS 29776 at *16 (D. OR. March 19, 2004) ("the majority of federal courts have held that there can be no interference under the FMLA if an employee is not eligible under the Act.") (citing cases).[2]

---

[1] Ms. Underwood's Affidavit is submitted behind Tab A to ADT's Statement of Material Facts. Exhibit 1 to Ms. Underwood's Affidavit is a payroll report showing that ADT employed 46 employees within 75 miles of the Spokane facility on December 13, 2006.

[2] The logical conclusion that a non-eligible employee may not bring a claim for interference or retaliation is further compelled by the 9th Circuit's determination that the Act is implicated only if the leave or absences at issue are protected by the Act. *See, e.g., Bachelder v. Am. West Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir. 2001). *See also Moore*

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8**

Simons may argue that because ADT initially approved her leave request and designated it as FMLA leave, a DOL regulation, 29 C.F.R. § 825.110(d), now prohibits ADT from challenging her leave eligibility. Because Section 825.110(d) directly contradicts the plain language and eligibility requirements of the Act and, if applied, would confer benefits not authorized by the Act, it has been widely discredited and held invalid by virtually every court to consider it.[3]  The 11th Circuit has succinctly explained:

> There is no ambiguity in the statute concerning eligibility for family medical leave, no gap to be filled.  Instead, the Department of Labor in this regulation has attempted to pry apart the clear words of the act in order to create a gap into which it can wedge its policy preference.  We understand the Department's motive, which is to further the goals of the act by forcing employers to respond to leave requests within a reasonable period of time.  But when an administrative agency seeks to improve legislation by altering the basic coverage provisions that Congress has written into the law, it has gone too far.  The rule of law in general, and separation of powers principles in particular, require that such administrative hubris be reigned in, and that the task of improving the basic provisions of statutes be left to the same body that wrote them in the first place.

---

v. Sears, Roebuck & Co., No: 3:06-cv-255, 2007 U.S. Dist. LEXIS 47654 at *17-18, 29 (N.D. Fla. 2007) (employee who was not an eligible employee may not assert a claim for interference or retaliation under the FMLA) (citations omitted).

[3] See, e.g., Woodford v. Cmty. Action of Greene County, Inc., 268 F.3d 51, 57 (2d. Cir. 2001); Brungart v. Bellsouth Telecommunications, Inc., 231 F.3d 791, 797 (11th Cir. 2000), cert. denied, 532 U.S. 1037 (2001); Dormeyer v. Comerica Bank-Illinois, 223 F.3d 579, 582-83 (7th Cir. 2000).

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9**

*Brungart v. Bell South Telecommunications, Inc.*, 231 F.3d 791, 796-97 (11th Cir. 2000). Based on essentially the same reasoning, the Supreme Court struck down another DOL regulation, 29 C.F.R. § 825.700(a), which on its face required employers who failed to comply with the notice provisions of the Act to provide an additional twelve weeks of FMLA leave. *Ragsdale v. Wolverine Worldwide, Inc.*, 535 U.S. 81, 96 (2002).

While the Ninth Circuit has not yet confronted this precise issue, two courts within this circuit have applied the same reasoning in rejecting arguments that the FMLA regulations operate to create eligibility where it does not otherwise exist under the Act.[4] Because an agency cannot by regulation expand statutory rights that contradict the plain language of the Act, this court should likewise find Section 825.110(d) invalid.

Simons may also argue that ADT should be equitably estopped from challenging her FMLA eligibility given that her request for FMLA leave was initially approved. Federal courts have recognized that an employer can be equitably estopped from challenging an employee's FMLA eligibility in limited circumstances. An employee proceeding on this theory must show

---

[4] *See Farina v. Compuware Corp.*, 256 F. Supp. 2d 1033, 1058 n. 24 (D. Ariz. 2003) (recognizing that Section 825.110(d) would allow an employee to claim benefits to which she is not entitled); *Nolan v. Hypercom Mfg. Res.*, 2001 U.S. Dist. LEXIS 14821 at *15, 22 (D. Ariz. 2001) (DOL regulation prohibiting the retroactive designation of FMLA leave is invalid).

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10**

that she detrimentally relied on the employer's misrepresentation that she was qualified for FMLA leave. In other words, Simons must show that she took some action that "change[d] her position for the worse" as a result of ADT's initial approval of her FMLA leave. *Minard v. ITC Deltacom Communications, Inc.*, 447 F.3d 352, 358 (5th Cir. 2006); *See also Farina*, 256 F. Supp. 2d at 1057-1058 (requiring a showing of detrimental reliance to support equitable estoppel under the FMLA).

Simons' request to take leave was approved by ADT in late December 2006. Simons concedes that she did not change her plans in any way based on ADT's approval of her FMLA leave. (Simons Depo. p. 80, ll. 9-11).[5] Simons planned to take the leave; she planned to be reinstated when she returned; and she was reinstated. If she did not take *any actions in reliance* on the approval, she cannot assert any *detrimental reliance*. Because Simons did not take any actions to her detriment in reliance on ADT's approval of her leave request, equitable estoppel has no application.

### B. Simons was discharged based on her poor performance, and cannot establish a causal connection between her discharge and her medical leave

Even if Simons was an "eligible employee," her interference[6] claim

---

[5] Excerpts from Simons' deposition are included behind Tab B to the Statement of Material Facts.

[6] In her Complaint, Simons purports to assert both claims for interference and retaliation

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11**

fails. To prevail on her interference claim, Simons must show that: (1) she took FMLA-protected leave; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the FMLA leave.[7] Stated another way, Simons must produce either direct or circumstantial evidence that her taking of FMLA-protected leave constituted a negative factor in the decision to discharge her. *Bachelder*, 259 F.3d at 1125.

Simons cannot make the required showing. By May 16, 2007, Simons knew that her supervisors were displeased with her job performance, (Simons Depo. p. 58, l. 14 – p. 59, l. 13), and realized that *if her performance did not improve, her employment would be terminated.* (Simons Depo. p. 61, l. 23 – p. 62, l. 1). Similarly, the branch manager at the Spokane location, Jeffrey Schwartz, testified that Simons was discharged as a direct result of her job performance. Specifically, Schwartz testified that by May of 2007, he had formed the belief that the work was too detail-oriented for Simons' skill set,

---

under the FMLA. The Ninth Circuit has recognized, however, that where an employee alleges that an adverse action is taken against her for taking leave under the FMLA, the resulting claim is an "interference" claim under 29 U.S.C. § 2615(a)(1), rather than a "retaliation" or "discrimination" claim under 29 U.S.C. § 2615(a)(2) or § 2615(b). *Bachelder*, 259 F.3d at 1124-25. Under this analytical framework, Simons' claim is properly characterized as only an interference claim, and not a retaliation claim.

[7] *Zsenyuk v. City of Carson*, 2004 U.S. App. LEXIS 10192 at *3 (9th Cir. May 21, 2004) (unpublished opinion) (citing *Bachelder*); *Houston v. Regents of Univ. of Cal.*, 2006 U.S. Dist. LEXIS 27644 at *91(N.D. Cal. May 1, 2006) (citing *Bachelder*)

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12**

and that she was not able to the job. (Schwartz Depo. p. 44, ll. 14-16)[8]. By June 15, Schwartz had determined that Simons was not capable of doing the detailed tasks required of the job, and that she did not recognize the many mistakes she was making and was not going to correct them. After consulting with and obtaining approval from ADT's Human Resources Director, Schwartz met with Simons on June 15, 2007, told her that her performance was not acceptable, and terminated her employment. (Schwartz Depo. p. 55, l.6 – p. 58, l. 2; Simons Depo. p. 71, l.18 – p. 72, ll. 6-10).

Simons' documented history of poor performance amply supports the discharge decision. In November of 2006, before she went on or requested leave, Simons was issued a warning because she had failed to send a certified letter in her capacity as a receptionist, and had subsequently forgotten not only to complete the task but also about its existence. (Simons Depo. Ex. 6).[9] In February of 2007, a similar incident occurred when Simons failed to complete a client account assignment. (Simons Depo. Ex. 8). Finally, on at least three occasions throughout May and June of 2007, Simons was issued warnings for failing to properly complete other assigned tasks: Simons modified account information and then told her supervisor that she had not;

---

[8] Excerpts from Schwartz's deposition are submitted behind Tab C to the Statement of Material Facts.
[9] Exhibit 6 and other exhibits to Simons' deposition are submitted behind Tab B to the Statement of Material Facts.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13**

she failed to correct several data entry errors as instructed; and she failed to test specific customers' alarm zones, all tasks which were a usual part of the duties of a Data Entry Processor. (Simons Depo. Exs. 13, 14). These incidents demonstrate Simons' inability to properly or accurately complete required job duties, an inability that she basically concedes. (Simons Depo. p. 72, ll. 6-10).

Moreover, the evidence is undisputed that 1) Simons' initial leave request was approved, 2) no one at ADT did or said anything to discourage her from taking leave, 3) Simons' remained on paid or unpaid leave from February 22, 2007, until she was released to return to work by her physician on April 23, 2007, and 4) Simons was reinstated to the same job position with the same duties, pay, and benefits when she returned from leave. (Simons Depo. Ex. 17; Simons Depo. p. 96, ll. 17-23; p. 88, l. 10 – p. 89, l. 1; p. 93, ll. 6-17).

In short, the evidence establishes that Simons was properly discharged for poor performance, and that there was no causal connection between her unprotected medical leave and the discharge decision. Summary judgment is required.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14**

## V. CONCLUSION

For the reasons stated above, ADT respectfully submits that there is no genuine issue of material fact, and that it is entitled to summary judgment on all claims as a matter of law. ADT respectfully asks the Court to grant its motion for summary judgment, enter a final judgment that Simons take nothing, and award ADT its costs of court and any other relief to which it is entitled.

Respectfully submitted,

By  /s/ Bruce A. Griggs
Bruce A. Griggs
Texas Bar No. 08487700
Ogletree Deakins Nash Smoak & Stewart, PC
301 Congress Ave., Ste. 1250
Austin, Texas 78701
(512) 344-4700
(512) 344.4701 fax
bruce.griggs@ogletreedeakins.com

By  /s/ Gregory Hendershott
Gregory Hendershott
Davis Wright Tremaine LLP
WSBA No. 27838
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004
(425) 646-6100
(425) 646-6199
gregoryhendershott@dwt.com

Attorneys for Defendant
ADT Security Services

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15**

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christine M. Weaver - cw@cweaverlaw.com

/s/ Bruce A. Griggs